IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| KNICKERBOCKER BED COMPANY, | ) |
| Plaintiff, | ) Civil Action No.:_____ |
| v. | ) **JURY TRIAL DEMANDED** |
| LEGGETT & PLATT, INC., | ) |
| Defendant. | ) |

## COMPLAINT FOR TRADE DRESS INFRINGEMENT

Plaintiff Knickerbocker Bed Company ("Knickerbocker"), for its Complaint against Leggett & Platt, Inc. ("Defendant"), hereby alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under 15 U.S.C. § 1125 et. seq. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

2. Supplemental jurisdiction of this Court exists for the state law claims stated herein, each of which arises out of a common nucleus of operative facts with those from which the federal claims arise.

3. Upon information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (a) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents; and/or (b) at least part of its infringing activities alleged herein.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. For example, upon information and belief, Defendant has committed infringing acts alleged below within the District of this Court, in business interactions purposefully elicited by Defendant with or directed to residents of said District, including, inter alia, actively soliciting and causing infringing and other wrongful sales directed into the District as well as directing internet website advertising and promotion and other promotion and advertising within and toward this District. As another example, upon information and belief, Defendant is subject to the court's person jurisdiction with respect to the claims below and this civil action.

## THE PARTIES

1. Knickerbocker is a corporation existing under the laws of New Jersey, with its principal place of business at 770 Commercial Ave, Carlstadt, NJ 07072.

2. Knickerbocker has at all relevant times owned all relevant trade dress and other rights asserted in this action.

3. Knickerbocker is informed and believes, and based thereon alleges, that Defendant is a Missouri corporation, having its principal place of business in Carthage, Missouri. Upon information and belief, Defendant is registered to do business in Texas, and can be served through its registered agent, C T Corporation System, 350 North St. Paul St., Dallas, Texas 75201.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

4. Knickerbocker is America's premier manufacturer of stylish and attractive heavy-duty bed frames and bedding-support systems. It is a fourth-generation family-owned-and-operated company in business since 1919. It began with a husband and wife manufacturing and selling bed springs in the greater New York area. They were known for their commitment to

customer service, high quality merchandise, and support of their local community. In the 1950's, their children expanded the line to include folding beds, headboards, and metal bed frames.

5. By the 1960's, Knickerbocker's products were being shipped up and down the East Coast. The third generation of the family expanded operations nationwide in the late 1970's to service retail customers who had established a presence in the Midwest and on the West Coast.

6. At the turn of the millennium, Knickerbocker's fourth generation began the process of adding decorative polymer resin covers to conventional steel bed frames, thereby changing the visual appearance of the product. In addition, polymer resin leg structures were added to both bed frames and wood bed support systems. The newly introduced bed frames and bed support systems featured attractive styling, which eliminated the "cold, hard, look and feel" of products that retailers, consumers, and mattress manufacturers had associated with the category for over 50 years. All of the products were designed to visually present updated form and function that would have the appropriate and desirable design for the best bedroom furniture and environments. They were a great success with customers.

7. Knickerbocker has since developed numerous patented and commercially successful designer bed frames, sold under the brand BED ARCHITECTURE™, the brand emBrace®, and other brands. BED ARCHITECTURE™, for example, is a term that captures a high level of product design and sophistication. Knickerbocker's designer bed frame offerings also include the brand emBrace® that offer high quality, stylish, and attractive bed frames and bedding support systems. The visual appearance of the emBrace® has reinvented the entire look and feel of a bed frame, transforming the mattress into a design element in the bedroom,

eliminating the perceived aesthetic need for a dust ruffle, which has traditionally hidden the austere unfinished steel hardware look of a bedframe.

8. Knickerbocker is the only national bed frame supplier committed to manufacturing all of its products here in the United States.

9. On information and belief, Knickerbocker alleges that Defendant has sold various products, including the Presto bed frame that infringe Knickerbocker's trade dress and other rights.  Since no later than March 2017, this infringement has been undertaken willfully and with notice.

## PLAINTIFF'S TRADE DRESS

10. Knickerbocker offers elegant and unique bed frames and bedding support systems for customers seeking high quality and pleasing aesthetics. These offerings include products sold under brands like emBrace® that incorporate the highest quality bed support systems in a variety of shapes and styles.  With a prestigious heritage, distinctive shapes, and exceptional craftsmanship, products sold under the emBrace® brand are the vanguard of bedroom fashion, enhancing the appearance of bedrooms and providing a stunning platform for luxury mattress sets all over the world.  The bedding-support-system products marketed under emBrace® carry a consistent and inherently distinctive trade dress developed by Knickerbocker.

11. Knickerbocker owns the trade dress on the products of Knickerbocker's emBrace® brand because Knickerbocker developed the designs of these products, including Knickerbocker's emBrace® bed frames, Knickerbocker's name appears with the products bearing the trade dress and in the advertisements and promotions of those products, Knickerbocker maintains the quality and uniformity of the products bearing the trade dress, and the public identifies the products as Knickerbocker's and poses product questions to, and makes product complaints to, Knickerbocker.

4

12. Knickerbocker revolutionized bed frame design by introducing the emBrace® line of products that re-think the form and aesthetics of a bed frame for the 21st century bedroom. Before emBrace®, the traditional bed frame had not had a substantial re-design in over 50 years. The emBrace® design is the epitome of sophisticated style to meet the demands of today's luxury bedding.

13. Contoured resin side rails and tapered resin legs of substantial proportion establish the emBrace® design as the vanguard of bedroom fashion. Available in black, brown, gray, red, or white, emBrace® enhances the appearance of a bedroom and provides a stunning platform for a luxury mattress set. The emBrace® has been the only bed frame available in a choice of designer colors. Examples of the emBrace® line of bed frames are depicted below and in Exhibits A and B attached hereto:







14.     The elements of the emBrace® trade dress and design, which include images in paragraph 17 above and Exhibits A and B, comprise a combination of features that include, inter alia, a product configuration for a bed frame consisting of a horizontal bar being curvilinear in form positioned above three individual pillars approximately evenly spaced; the pillars generally twice as tall as they are wide, tapering from the bar to the floor and inset slightly from the horizontal bar; the bar and supporting pillars being visually prominent along the bottom edge of a bedding set and generally soft and rounded in shape without sharp edges (collectively, the "emBrace Trade Dress").

**COUNT I**
**Trade Dress Infringement – Lanham Act**

15.     Knickerbocker re-alleges and incorporates by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

16.     Section 43(a) of the Lanham Act prohibits conduct that constitutes a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact that is likely to cause confusion.  15 U.S.C. §1125(a).

17.     Knickerbocker promotes and sells distinctive goods well known to customers interested in high quality and aesthetically pleasing bed support systems and bed frames.  The emBrace Trade Dress and the designs of Knickerbocker's bed frames sold under the emBrace® brand have become recognized in the industry as symbols uniquely associated with Knickerbocker.  Customers understand those designs to be indicative of a Knickerbocker product.

18.     Knickerbocker's marketing efforts have been incredibly successful.  The furniture, bedding and bedding-support industries have come to recognize and immediately associate the emBrace Trade Dress with Knickerbocker as a result of the extensive and

continuous promotion and sales of bedding support systems emphasizing the emBrace Trade Dress for more than six years. As a result of these efforts, the emBrace Trade Dress has acquired appreciable secondary meaning, which identifies and distinguishes emBrace® bed frames from bed frames offered by competitors.

19. Knickerbocker's emBrace® Trade Dress represents highly valued goodwill owned by Knickerbocker.

20. Knickerbocker owns the emBrace Trade Dress and all other trade dress on the products of Knickerbocker's emBrace® brand that is non-functional, inherently distinctive, and also has acquired substantial secondary meaning in the marketplace by virtue of its use by Knickerbocker in connection with the promotion and sale of goods and services, and has developed valuable goodwill associated therewith.

21. By copying the designs of Knickerbocker's products, Defendant has engaged in trade dress infringement by falsely representing the origin of the relevant products, among other things, in violation of Section 43(a) of the Lanham Act.

22. One example image of Defendant's infringing products, i.e., products sold under the Presto brand, is shown below.



23.     An example image of Defendant's infringing products is shown below, next to an image of Knickerbocker's emBrace Trade Dress:



| Knickerbocker's emBrace® | Defendant's Product |
|---|---|

24.     The aforesaid acts are intended to and likely to cause confusion in the marketplace as to the source, sponsorship, affiliation, or authorization of the products Defendant offers and distributes.

25.     At all relevant times, Plaintiff Knickerbocker has had standing to bring this action against Defendant under 15 U.S.C. §1125(a).  Under said statute, Knickerbocker has a commercial interest to protect and is likely to be damaged by misuse of said trade dress, irrespective of ownership of said trade dress.

26.     On information and belief, Knickerbocker alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon Knickerbocker's goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused Knickerbocker damage in an unascertained amount.

27.     Defendant's activities have caused and will continue to cause irreparable harm to Knickerbocker and to the substantial goodwill embodied in the emBrace Trade Dress, and such acts will continue unless restrained by this Court.

## COUNT II
### Trade Dress Infringement – Common Law

28. Knickerbocker re-alleges and incorporates by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

29. Defendant's actions constitute infringement of Knickerbocker's rights in the emBrace Trade Dress in violation of Texas common law.

30. Defendant's infringement is intentional and willful.

31. As a result of Defendant's conduct, Knickerbocker has suffered and will continue to suffer damage.

32. Defendant's activities have caused and will continue to cause irreparable harm to Knickerbocker and to the substantial goodwill embodied in the emBrace Trade Dress, and such acts will continue unless restrained by this Court.

## COUNT III
### Unfair Competition – Common Law

33. Knickerbocker re-alleges and incorporates by reference paragraphs 1 through the immediately preceding paragraph, inclusive, as if fully set forth herein.

34. Defendant's actions constitute unfair competition in violation of Texas common law.

35. Defendant's acts of unfair competition are intentional and willful.

36. As a result of Defendant's conduct, Knickerbocker has suffered and will continue to suffer damage.

37. Defendant's activities have caused and will continue to cause irreparable harm to Knickerbocker and to the substantial goodwill embodied in the emBrace Trade Dress, and such acts will continue unless restrained by this Court.

**PRAYER FOR RELIEF**

WHEREFORE, Knickerbocker prays for judgment as follows:

A. For damages, including plaintiff's lost profits, defendants' profits, disgorgement, restitution, or other compensation or monetary remedy;

B. For punitive, exemplary and/or treble damages;

C. For an award of attorneys' fees and costs;

D. For preliminary and permanent injunctive relief, enjoining defendants, and each of them, from continuing to engage in the practice of unauthorized sales and infringement of Knickerbocker's trade dress; and

E. For such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues triable before a jury.

Dated: July 21, 2017

Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH LLP
303 South Washington Avenue,
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

*Attorney for Plaintiff*
*Knickerbocker Bed Company*

OF COUNSEL:
Christopher J. Gaspar
MILBANK, TWEED, HADLEY & MCCLOY LLP
28 Liberty Street
New York, NY 10005
Telephone: (212) 530-5000
CGaspar@milbank.com